# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ROBERT LOUIS RICE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-087 |
| | ) | CR601-004 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Robert Louis Rice pled guilty to, and thus was convicted of, violating 18 U.S.C. § 371 and 18 U.S.C. 2113(a) & (d), then sentenced to 293 months. CR601-004, docs. 60 & 64. He now challenges his conviction and sentence under 28 U.S.C. § 2255, and relies on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). Doc. 95.

Some knock-out problems arise, however. First, Rice claims to be challenging a 2002 South Carolina federal court judgment, not this Court's judgment -- thus implicating venue. Doc. 95 at 3. Second and more importantly, he has (properly so, since he has moved for § 2255 relief in the past, doc. 92), filed with this Court *only* an "Application For

Leave to File a Second or Successive Motion To Vacate [Etc.]."  Doc. 95.
The very title of that document reveals that Rice meant to file it with the
Eleventh Circuit, not here.  Doc. 95 (signature-filed on June 23, 2016, *id.*
at 8).  So, he erroneously mailed it here.  *Id.* at 9. This Court's Clerk, in
turn, erroneously docketed it here -- as a §2255 motion.

Rice had until June 26, 2016, to file a *Johnson* claim.  *In re Gomez*,
___ F.3d ___, 2016 WL 3971720 at * 3 (11th Cir. July 25, 2016); *Brown v.
United States*, 2016 WL 4597538 at * 2 n.2 (S.D. Fla. Aug. 2, 2016). Given
that time-bar, the Clerk is **DIRECTED** to transfer this case directly to
the Eleventh Circuit Court of Appeals, and then **CLOSE** this case.[1]

**SO ORDERED,** this __19th__ day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  It is unclear if he is challenging this Court's judgment or another's, but he can
clarify that with the Eleventh Circuit when he receives a copy of this Order.