IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA         *
                                      *
      v.                           *         CR 601-004
                                      *
ROBERT LOUIS RICE             *

---

**O R D E R**

---

Defendant Robert Louis Rice has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which is the "compassionate release" provision permitting a defendant in extraordinary and compelling circumstances to leave prison early. (Doc. 113.) Defendant offers several reasons why his individual circumstances warrant this relief. The Government has filed an opposition brief that cogently, thoroughly, and correctly counterpoints each of Defendant's arguments. (Doc. 117.) The Court hereby adopts and incorporates the contentions, reasoning and case law of the Government's brief herein and thereupon denies Defendant's motion for compassionate release. The Court will, however, amplify a few points.

The District of South Carolina's decision to reduce Defendant's sentence for the four armed bank robberies that he committed in that district is of no moment to this Court for at least the following two reasons. First, this Court is bound by the Eleventh Circuit's decision in Bryant v. United States, 996 F.3d 1243 (11th Cir. 2021), which held that a district court does

not have discretion to consider extraordinary and compelling circumstances independent of the three categories expressly announced in the applicable Policy Statement governing compassionate release motions, *i.e.*, U.S.S.G. § 1B1.13, and its application note.   Section 1B1.13 lists only these specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances.[1] Id. n.1(A)-(C).   While the Court will address Defendant's offer of reasons under these categories infra, his reason related to the unfairness of stacking 18 U.S.C. § 924(c) counts does not fall within any of these categories.   Thus, based upon the binding authority of Bryant, this Court cannot consider Defendant's stacking argument as extraordinary and compelling. Second, Defendant's sentence in this case was not subject to the stacking provisions of the law prior to the First Step Act. Defendant was convicted and sentenced in this district before he was convicted and sentenced in the District of South Carolina, and he was subject to only a single § 924(c) charge in this case. Thus, his stacking argument has no application to the facts of the instant federal case.

---

[1]    A fourth catch-all category, which is not applicable here, provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.   Id. n.1(D) (emphasis added).

The Court will now comment on Defendant's circumstances under the categories of U.S.S.G. § 1B1.13. First, without any medical evidence outside of the mere existence of COVID-19, Defendant has wholly failed to establish medical circumstances amounting to a extraordinary and compelling reason justifying relief. As the Third Circuit pointed out, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Second, Defendant's aging mother's circumstances provide no relief because the only family circumstances that could warrant relief are: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 n.1(C).

Finally, even if the Court were permitted to consider Defendant's circumstances, whether separately or in the aggregate, the applicable sentencing factors of 18 U.S.C. § 3553(a) must support release. See 18 U.S.C. § 3582(c)(1)(A); see United States v. Tinker, 14 F.4th 1234, 1239 (11th Cir. 2021) ("Even if a district court were to find that 'extraordinary and compelling reasons' justify early release, the result would be . . . denial . . . where

3

the § 3553(a) factors militate against a sentence reduction."). Consideration of the § 3553(a) factors militate against Defendant's release in this case. The Court particularly notes that Defendant was involved in five bank robberies in this district, each time using stolen cars, wearing masks, and pointing guns at employees. Defendant also attempted to escape custody of the United States Marshals Service. An early release on the imposed sentence in this case would not serve the statutory purposes of deterrence or punishment. In fact, as pointed out by the Government, with a concurrent sentence and a sentence reduction in the District of South Carolina, Defendant has essentially evaded prison time for his role in four armed bank robberies in South Carolina. Additionally, and importantly, the Court cannot conclude that Defendant is not a danger to society, a prerequisite to relief under U.S.S.G. § 1B1.13. The Court simply would not exercise its discretion to release Defendant even if his circumstances were considered extraordinary and compelling under the compassionate release provision.

Upon the foregoing, Defendant Robert Louis Rice's motion for compassionate release (doc. 113) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of December, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4